Walter R. Hart, J.
In a prior proceeding the applications of the petitioner for certificates, of eviction were denied on the ground that there was no showing of an immediate and compelling necessity and that petitioner lacked 20% equity in the premises at the time of making the applications, as required by the regulations. The space involved in that proceeding *1029 were two apartments, one of four rooms, the other of three. This court determined that the finding with respect to the lack of an immediate and compelling- necessity was unwarranted since it was medically established, without contradiction, that petitioner, who -suffered from various illnesses, would be benefited by being required to walk 19 less steps to reach her apartment. The court, however, affirmed the denial of the protest on the sole ground that petitioner had not paid in the 20% equity as required by the regulations. No issue of good faith was there involved.
Subsequently, after having paid in more than the required 20% equity, the application was renewed with respect to the four-room apartment. The three rooms in the interim had become vacant and are presently unoccupied. This time the application for the certificate of eviction was denied on the ground that there was an absence of good faith. This finding was predicated on the fact that the landlord’s husband had been the lessee of the adjacent building, the store of which he used as a laundromat and that during the period between the two proceedings, a seven-room apartment, similarly situated as the subject premises, had become vacant; that landlord’s husband had failed to occupy the apartment himself or to offer it to the tenant but instead leased it at a considerably higher rental to another tenant.
It is apparent that the three vacant rooms are untentable since they lack kitchen and bathroom facilities. The prior tenants in the three-room apartment were the daughter and son-in-law of the tenants of the subject space and had used their kitchen and bathroom facilities.
Respondent does not dispute that landlord seeks possession for her own immediate ocupancy since this has been established by petitioner and by respondent’s admission in his answer of paragraph 14 of the petition “ that the premises were purchased not for a financial investment primarily but for the use and enjoyment of herself and her immediate family.” This is all petitioner was required to establish to show her good faith in seeking possession. (Rosenbluth v. Finkelstein, 300 N. Y. 402.)
The petitioner cannot be chargeable with the conduct of her husband. Moreover, it may not be -said that his actions were unreasonable. His refusal to take occupancy of the apartment in the building which he had leased was not arbitrary in view of the fact that his lease was to expire in March, 1960; in fact at the time of the hearing of the protest it appeared that he had already surrendered possession of the building because of the lack of success of his laundromat business. Moreover, *1030 it was not unreasonable for him to refuse to offer this seven-room apartment, for which he could get a much higher rental, to the tenants, a family consisting of just husband and wife who were in occupancy of the subject four-room apartment and who were paying considerably less.
Accordingly, the motion is granted, the determination annulled and respondent directed to issue the certificate. Submit order.